IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LENA M. PAINTER-PAYNE,
*et al.*,

        Plaintiff,

    vs.                          Civil Action 2:12-cv-912
                                     Magistrate Judge King

VESTA WEST BAY, LLC,

        Defendant.


## OPINION AND ORDER

On October 31, 2013, defendant Vesta West Bay, LLC, filed separate motions for summary judgment addressing the claims of plaintiff Christopher Painter, Doc. No. 50, and those of plaintiff Lena M. Painter-Payne, Doc. No. 51, On November 12, 2013, plaintiffs filed a motion to strike the motion for summary judgment addressing the claims of plaintiff Christopher Painter, Doc. No. 50. *Plaintiffs Lena Painter Payne's and Christopher Painter's Motion Instaner* [sic] *to Strike* ("*Plaintiffs' Motion to Strike*"), Doc. No. 63. Plaintiffs argue that the filing should be stricken from the record because defendant's motions for summary judgment, viewed together, exceed the page limit for memoranda under S.D. Ohio civ. R. 7.2(a)(3).Plaintiffs' argument is not well taken.

Rule 7.2(a)(3) provides as follows:

> **Limitation Upon Length of Memoranda**. Memoranda in support of or in opposition to any motion or application to the Court should not exceed twenty (20) pages. In all cases in which memoranda exceed twenty (20) pages, counsel must include a combined table of contents and a succinct, clear

and accurate summary, not to exceed five (5) pages, indicating the main sections of the memorandum, the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found.

S.D. Ohio Civ. R. 7.2(a)(3). Although the rule expresses a preference that memoranda not exceed twenty pages, the rule does not limit a defendant to the filing of a single motion for summary judgment in order to address the claims of multiple plaintiffs. Plaintiffs have not cited any relevant authority from this district that would suggest otherwise. Furthermore, the Court rejects plaintiffs' argument that they will be unfairly prejudiced by the filing of separate motions for summary judgment. Plaintiff Christopher Painter's claims are addressed only in Doc. No. 50; plaintiff Lena Painter-Payne's claims are addressed only in Doc. No. 51. Although plaintiffs' claims are related, the Court perceives no prejudice in requiring each plaintiff to respond to a motion for summary judgment that addresses only his or her respective claims.

Accordingly, *Plaintiffs' Motion to Strike*, Doc. No. 63, is **DENIED**.

January 7, 2014                      *s/Norah McCann King*
                                     Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge